# POINTS RULED AND CASES ADJUDGED

## BY THE

# COURTS OF GENERAL SESSIONS

## AND

# OYER AND TERMINER.

---

### STATE *vs.* JOHN MOUSELY.

Power of magistrates to settle cases of assault and battery.

Indicted for assault and battery. Plea, autrefois convict.

The defendant was arrested and taken before Justice M'Caulley, who bound him over to appear at court. The prosecutor afterwards agreed to settle the matter, and went with defendant before Justice Veach, who allowed them to compromise, on payment of costs.

It was contended on the part of the defendant, that the act of assembly gives authority to *any* justice of the peace, whether the committing magistrate or another, to permit the parties to settle cases of assault and battery. (*Dig.* 360.)

*Court.*—The act must be construed as a whole, and neither of the clauses referred to is to be taken separately. This is an act giving jurisdiction. Before it, the justice had no power to try cases of assault and battery; and, to preserve the constitutional right of trial by jury, the defendant's consent is required in all cases, before the justice can proceed. Either on his refusal to be tried by the justice; or on the refusal of the justice, under the discretion given him by the law, to try the case; he must hold the defendant to bail for his appearance at court, and commit him for refusal to give bail. There is no appeal from this decision of the justice, and no authority any where, much less in each of the other justices of the county, to review the decision of the committing magistrate on this question, nor to prevent the case from coming before this court after a decision

that it is a case which ought to be tried here. No other magistrate has any thing further to do with the complaint than to take the bail required, or such other bail as may be deemed sufficient, on an application to a judge to reduce the bail.

*Judge Layton* dissented.

The defendant was convicted.